*Yates*. On the *sixth* day of *August*, notice of retainer of an attorney by the defendants was served. On the next day, the plaintiff filed an *amended declaration*, laying the venue in *Onondaga* county, and stating the note declared upon to have been made at Milo, in the county of Yates, to wit, at *Onondaga*, in the county of Onondaga, and on the *eighth* day of August served a copy of the amended declaration on the defendant's attorney. The defendant moved to set aside the amended declaration and all subsequent proceeding for *irregularity*, on the ground of *variance* between the writ and declaration. For the plaintiff, it was insisted, that the only effect of a variance *in the cause of action* between the writ and declaration is, that in a *bailable* case, the defendant is entitled to be discharged on common appearance, but that the proceeding will not, for that cause, be set aside ; and that the same consequence, and no other, flows from a change of venue. 1 Chitty's Pl. 249, 255. That here no bail being demanded, the defendants were not entitled to ask any thing.

Mr. Justice Sutherland denied the motion.

ALBANY,
Sept. 1834.

Wemple
v.
Johnson.

---

WEMPLE *vs.* JOHNSON.

A *joinder in error* must have the signature of counsel.

The defendant's default was entered for not joining in error. A joinder without the *signature of counsel* had been served, which was treated by the plaintiff as a nullity. The defendant moved to set aside the default as irregularly entered.

September 4.

*By the Court*, SUTHERLAND, J. The plaintiff had a right to disregard the joinder. The default, however, is opened upon the usual terms.